UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDY R. PHELPS, | ) |
|                        Plaintiff, | ) |
| v. | )    No.: 18-cv-2086-JBM |
| MATT BARRETT, et al., | ) |
|                        Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, a pretrial detainee, filed an action under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs at the Vermilion County Jail ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## MATERIAL FACTS

Plaintiff alleges a variety of claims against three Defendants occurring from February 1, 2018 through February 6, 2018. Plaintiff asserts that, on an unspecified date, his mouth was "busted" and he had to go to the emergency room. Plaintiff does not explain how his mouth came to be injured and does not identify anyone with whom he holds responsible. It appears,

1

that Plaintiff's dentures were broken at the time, and he asserts that Defendant Nurse Harding refused to give him a "soft tray," presumably a soft diet. He claims that the lack of a soft diet caused pain in his gums and that Defendant Harding gave him pain medication for a week but after that, refused to provide it.

Plaintiff asserts several claims against Defendant Captain Barrett. He claims that Defendant failed to act when Plaintiff's wife called "to tell him about bullying and threats." Plaintiff does not indicate by whom he was bullied and threatened, and does not claim that he ever made a report to Defendant Barrett, though he claims to have written numerous grievances about inmates attacking him. Plaintiff also claims that he grieved that his dentures were not fixed. He does not claim, however, that he made this particular complaint to Defendant Barrett or that Defendant Barrett had the authority to have the dentures fixed. Plaintiff makes the final complaint that Defendant Barrett transported Plaintiff to the hospital without a coat. Plaintiff provides no information as to the outside temperature, whether he was transported in a heated vehicle, or how long it took to transport him.

Plaintiff claims that Defendant Lieutenant Osterberg refused to act when Plaintiff's wife called to tell him that Plaintiff's mouth was busted, his dentures had been shattered, and that he had to go to the emergency room.

## ANALYSIS

A pretrial detainee's conditions of confinement claim arise under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Darnell v. Pineiro*, 849 F.3d 17 (2nd Cir. 2017). A different standard applies to detainees as, while convicted prisoners may be subjected to punishment short of cruel and unusual, pretrial detainees may not be punished at all. *Miranda v. County of Lake*, ---F.3d --

-, 2018 WL 3796482, at *9 (7th Cir. 2018). "Pretrial detainees stand in a different position: they have not been convicted of anything, and they are still entitled to the constitutional presumption of innocence. Thus, the punishment model is inappropriate for them." *Id*. citing *Kingsley v. Hendrickson*, ––– U.S. ––––, 135 S.Ct. 2466, 2475 (2015). "Pretrial detainees (unlike convicted prisoners) cannot be punished at all, much less 'maliciously and sadistically.'"

A detainee's Fourteenth Amendment medical care claim is reviewed under an objective standard rather than the subjective standard used in Eight Amendment cases. *See Miranda*, 2018 WL 3796482 at *9 (applying objective reasonableness standard to detainee's medical-care claim), citing *Kingsley*, 135 S.Ct. 2466). *See also*, *Darnell*, 849 F.3d at 36 ("[c]onsistency with the Supreme Court's decision in *Kingsley* now dictates that deliberate indifference be measured objectively in due process cases.") Under the Fourteenth Amendment standard, a pretrial detainee need only establish that the defendant's conduct was objectively unreasonable, not that defendant was subjectively aware that it was unreasonable. *Miranda*, 2018 WL 3796482 at *9. In other words, that defendant acted intentionally or recklessly as he "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 2018 WL 3796482, at *12.

Plaintiff states a colorable claim that Defendant Nurse Harding was deliberately indifferent for failing to provide him a soft diet and refusing to provide pain medication. Plaintiff appears to implicate Defendant Barrett in his complaint that his dentures were not fixed but does not allege that he made a request to Defendant Barrett or that Defendant Barrett had the

3

authority to have them fixed.  This claim is dismissed with leave to replead with more particularity.

Plaintiff's claim that Defendant Barrett failed to act when his wife reported bullying and threats is too vague to assert that Defendant was aware of a particular threat to his safety, so as to plead a failure to protect.  *See Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) "liability of a jail officer for failure to protect an inmate only materializes if the officer knew the inmate faced a 'substantial risk of serious harm' and 'disregard[ed] that risk by failing to take reasonable measures to abate it.'"  Furthermore, this claim represents an impermissible misjoinder as it is unrelated to the deliberate indifference claim regarding the dentures.  *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits."  If Plaintiff wishes to proceed on this claim, he must file it in a separate action, with responsibility for the attendant filing fee.

Plaintiff's claim about being transported without a coat might otherwise proceed, but is too vague to state a claim.  A detainee's conditions of confinement claim must allege that Defendant's conduct posed an excessive risk to health or safety.  Without knowledge of the temperature or the time in which Plaintiff was exposed to the conditions, the Court cannot discern that Defendant Barrett subjected Plaintiff to an excessive risk.  This claim is dismissed with leave to replead.

Plaintiff claims that Defendant Lieutenant Osterberg refused to act when Plaintiff's wife called to tell him that Plaintiff's mouth was busted, his dentures had been shattered, and that he had to go to the emergency room, without any other detail.  This is insufficient to place Defendant on notice of the claims against him.  This, particularly, as Plaintiff was taken to the

emergency room by another Defendant, Barrett.  Defendant Osterberg is dismissed, though Plaintiff will be given an opportunity to replead the allegations against him.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed on the deliberate indifference claims against Defendant Harding.  Plaintiff's claim that Defendant Barrett transported him without a coat is DISMISSED, with leave to replead within 30 days.  Plaintiff's claims that Defendant Barrett did not act in response to reports of bullying and threats is DISMISSED as an impermissible misjoinder.  If Plaintiff wishes to proceed on this claim he must file it as a separate action.  Defendants Barrett and Osterberg are DISMISSED, though Plaintiff will have an opportunity, within 30 days, to replead the claims against them.  Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).  If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of

forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    4.    Defendants shall file an answer within the prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

    5.    Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

    6.    Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

    **7.**    Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions. **It will be Plaintiff's responsibility to obtain his February 1 through February 6, 2018 medical records from the Jail and make copies available at his deposition.**

    8.    Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

| | |
|---|---|
| _8/21/2018_ | s/Joe Billy McDade |
| ENTERED | JOE BILLY McDADE |
| | UNITED STATES DISTRICT JUDGE |